**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-11-1728-7-PHX-FJM (ECV) |
| Plaintiff, | **DETENTION ORDER** |
| vs. | |
| Rudy Chavarria, Jr., | |
| Defendant. | |

In accordance with Title 18 U.S.C. § 3142 of the Bail Reform Act, a detention hearing was held in the above-captioned matter. The Court finds that the Government has established: (Check one or both, as applicable)

☒ by clear and convincing evidence, Defendant is a danger to the community and shall be detained pending trial.

☐ by a preponderance of the evidence, Defendant is a serious flight risk and shall be detained pending trial.

### PART I -- FINDINGS OF FACT

☒ (1) There is probable cause to believe that Defendant has committed the following:

☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 *et seq.*, 951 *et seq.*, or 46 U.S.C. App. § 1901 *et seq.*

☒ an offense under 18 U.S.C. § 924(c) (Counts 14, 17, and 24) related to his alleged membership in a criminal street gang (East Side Los Guada Bloods) which is alleged to be an enterprise engaged in racketeering activity in violation of 18 U.S.C. §§ 1959(a)(5) or (6) and 2 (Counts 12-13, 15-23). (Doc. 110)

☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.

☐ an offense involving a minor victim prescribed in _____.[1]

☐ (2) Defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure Defendant's appearance as required at future court proceedings and the safety of the community.

**Alternative Findings**

☐ (1) There is a serious risk that Defendant will flee and no condition or combination of conditions will reasonably assure Defendant's appearance as required at future court proceedings.

☒ (2) No condition or combination of conditions will reasonably assure the safety of the community or others if Defendant were released from detention.

---

[1] Insert as applicable: 18 U.S.C. § 1201 (kidnaping); § 1591 (sex trafficking); § 2241 (aggravated sexual abuse); § 2242 (sexual abuse); § 2244(a)(1) (certain abusive sexual contact); § 2245 (offenses resulting in death); § 2251 (sexual exploitation of children); § 2251A (selling or buying of children); § 2252(a)(1), 2252(a)(2), 2252(a)(3) (certain activities relating to material involving sexual exploitation of minors); § 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4) (certain activities relating to material constituting or containing child pornography); § 2260 (production of sexually explicit depictions of minors for importation into the U.S.); § 2421 (transportation for prostitution or a criminal sexual activity offense); § 2422 (coercion or enticement for a criminal sexual activity); § 2423 (transportation of minors with intent to engage in criminal sexual activity); and § 2425 (use of interstate facilities to transmit information about a minor).

☒ (3) There is a serious risk that Defendant will threaten, injure, or intimidate a prospective witness.

☐ (4) _____

_____
_____
_____

## PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION
(Check one or both, as applicable)

☒ (1) The Court finds that credible testimony and information submitted at the hearing establish by clear and convincing evidence as to danger that:

1. Defendant is, and most certainly was on February 24, 2008, an active gang member in a violent criminal street gang named East Side Los Guada Bloods ("ESb"); 2. The Government has a very strong case against Defendant on, at least, Counts 14, 17, and 24 (18 U.S.C. § 924(2); 3. Defendant admitted that he was the driver of a black truck in which the occupants, including another member of ESB, committed, at least, 5 drive-by shootings in the early morning hours on February 24, 2008 at occupied structures on the Salt River Indian Reservation, including one residence WHILE two Salt River Police Department and Department of Interior employees were present and actively investigating an earlier drive-by shooting at the residence; 4. After the last drive-by shooting on February 24, 2008 with law enforcement in hot pursuit, Defendant fled in the black truck from the reservation onto the 202 Fwy into Phoenix, reaching speeds over 100 miles per hour at which time the police officers terminated the pursuit for safety reasons and Defendant escaped; 5. Defendant subjected the innocent motoring public to serious injury or death by his felony flight from law enforcement on February 24, 2008; 6. Defendant was not charged with the crimes committed by him on February 24, 2008 until after (March 29, 2012) he made his recorded admissions to law enforcement officers on

<u>November 22, 2011; 7. While not a prohibited possessor at the time, a search warrant was executed on November 22, 2011 at an apartment in Mesa, AZ leased to Defendant as the lessee and seven firearms were discovered; 8. While there is no evidence Defendant was present at the ESB gathering on July 26, 2009, the mother of a member of a rival gang to ESB was peacefully sitting in her vehicle near the gathering when members of ESB observed her sitting in the vehicle, forcibly removed the victim from her vehicle, attempted to murder the victim by brutally physically beating the victim to the point of unconsciousness, placing her body prone on North Alma School Road for the express purpose and intent that the victim be run over and killed by a vehicle, and then ESB members took the victim's vehicle and fled the scene. 9. As late as May 2011, ESB members shot at members of their own gang for what they believed was cooperation with law enforcement. Further, since the date of the first Indictment in this case on or about September 1, 2011, ESB members have threatened the lives of several people who ESB members think are cooperating witnesses for the Government. Given the violent propensities of the ESB criminal street gang, witnesses and cooperators are at risk of intimidation, injury or death for their cooperation by members of ESB not detained.</u>

☐ (2) The Court finds by a preponderance of the evidence as to risk of flight that:

    ☐ Defendant has no significant contacts in the District of Arizona;

    ☐ Defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance;

    ☐ Defendant has a prior criminal history;

    ☐ Defendant has a record of failure(s) to appear in court as ordered;

    ☐ Defendant attempted to evade law enforcement contact by fleeing from law enforcement;

    ☐ Defendant is facing a minimum mandatory of _____ incarceration and a maximum of _____ if convicted;

☐   Defendant does not dispute the information contained in the Pretrial Services Report, and all supplements, if any, except:

_____

_____

_____

☐   In addition:

_____

_____

_____

The Court incorporates by reference the findings of the Pretrial Services report and all supplements, if any, which were reviewed by the Court at or before the time of the hearing in this matter.

## PART III -- DIRECTIONS REGARDING DETENTION

**IT IS ORDERED** that Defendant is hereby committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. 18 U.S.C. § 3142(i)(2). Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. 18 U.S.C. § 3142 (i)(3). Upon order of a court of the United States or request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal Service for the purpose of an appearance in connection with a court proceeding. 18 U.S.C. § 3142(i)(4).

## PART IV -- APPEALS AND THIRD PARTY RELEASE

**IT IS FURTHER ORDERED** that should a review of this detention order be filed pursuant to 18 U.S.C. § 3145, it is the responsibility of the movant's attorney to

1 deliver a copy of the motion for review to U.S. Pretrial Services, at least, one day prior to
2 the review hearing set before the assigned District Judge. Pursuant to Rule 59(a), Fed.R.
3 Crim.P. (2010), a party seeking review shall have **fourteen (14) days** to file a motion for
4 review after being served with a copy of this written order, after the oral order is stated on
5 the record, or at some other time the assigned District Judge may set. Failure to timely file
6 a motion for review in accordance with Rule 59(a) may waive the right to review. Rule
7 59(a), Fed.R.Crim.P.

**IT IS FURTHER ORDERED** that the issue of detention may be reopened at any time before trial upon a finding that information exists that was not known to the movant at the time of the detention hearing and such information has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of Defendant as required and the safety of any other person and the community. Title 18 U.S.C. § 3142(f).

DATED this 20th day of April, 2012

_____
Lawrence O. Anderson
United States Magistrate Judge